IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MELANIE SLAVENS, as Special Administrator of the Estate of JAMES SLAVENS,<br><br>Plaintiff,<br><br>v.<br><br>MILLARD COUNTY, et al,<br><br>Defendants. | **PARTIAL MEMORANDUM DECISION AND ORDER (ECF No. 86)**<br><br>Case No.  2:11CV00568<br><br>Magistrate Judge Evelyn J. Furse |

    The Court grants Millard County, Richard Waddingham, Daron Smith, Bart Whatcott, and Craig Greathouse's (collectively Millard County) Motion for Judgment on the Pleadings as to James Slavens' Estate's (Estate) Utah Open and Public Meetings Act ("UOPMA") claims[1] and dismisses those portions of the Estate's Complaint because they do not survive James Slavens' death.

    Mr. Slavens brought this case in June of 2011, including a claim under UOPMA.  Mr. Slavens died in December of 2012, prior to resolution of the UOPMA claims.  In April 2013, the Court substituted Melanie A. Slavens for Mr. Slavens as Special Administrator of his Estate.  In August 2013, the Court allowed the Estate to amend the Complaint.  In doing so, the Estate made claims for violation of UOPMA based on improper notice and an improper closed session.

---

[1] The Court will rule on the remaining portions of the Motion for Judgment on the pleadings as set forth in Court on September 9, 2013 by separate order.

Millard County moved for judgment on the pleadings claiming, among other things, that the UOPMA claims did not survive Mr. Slavens' death. (ECF No. 86 at 14.)

Under Utah common law, contract claims survive death. *Estate of Berkemier v. Harford Ins. Co.*, 2003 UT App 78, ¶ 13, 67 P.3d 1012. By statute, Utah has provided for personal injury claims to survive death. Utah Code § 78B-3-107(1)(a). The personal injury the statute allows to survive include claims for physical or mental injury not for injury to "rights, reputation or property." *Allred v.. Solaray, Inc.*, 971 F. Supp. 1394, 1397-98 (D. Utah 1997). No statute addresses the survivability of claims under UOPMA.

"At common law survivable actions are those in which the wrong complained of affects primarily property and property rights, and in which any injury to the person is incidental, while nonsurvivable actions are those in which the injury complained of is to the person and any effect on property or property rights is incidental." 1 Am. Jur. 2d *Abatement, Survival, and Revival* § 51 (2013). Generally, "purely personal torts do not survive in the absence of statutory provision." *Id.* Thus, barring statutory language that provides for their survival, non-property claims cannot survive death.

UOPMA section 52-4-303 provides for private rights of action for violations of the Act. UPOMA section 52-4-304 provides that in the case of a successful section 54-4-303 action regarding closed sessions, the judge "shall publicly disclose or reveal from the recording or minutes of the closed meeting all information about the portion of the meeting that was illegally closed." Utah Code Ann. § 52-4-304. Alternatively, in cases of successful UOPMA claims regarding other violations of the Act, the Court can determine and order compliance with the statute. Utah Code Ann. § 52-4-303. UOPMA claims do not resemble either contract claims or property claims as described above; nor do they fall under the survival statute as they do not

constitute personal injury claims.  The Court therefore GRANTS Millard County's Motion for Judgment on the Pleadings as to the Estate's UOPMA claims, dismissing those claims.

DATED this 11th day of September, 2013.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge