IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MELANIE A. SLAVENS, as Special Administrator of the Estate of JAMES K. SLAVENS (aka JAMES K. SLAVENS),<br><br>Plaintiff,<br>v.<br><br>MILLARD COUTY, Utah,<br><br>Defendant. | **ORDER DENYING PLAINTIFF'S RULE 54 MOTION FOR JUDGMENT INCLUDING RECOVERY OF COSTS AND ATTORNEY FEES (ECF No. 223) AND DEFENDANT'S MOTION FOR COSTS (ECF No. 225)**<br><br>Case No. 2:11-CV-568<br><br>Magistrate Judge Evelyn J. Furse |

Melanie A. Slavens, as Special Administrator of the Estate of James Kenneth Slavens (aka James K. Slavens)("the Estate") moves the Court for Judgment Including Recovery of Costs and Attorney Fees. (ECF No. 223.) Defendant Millard County ("the County") moves the Court for its costs. (ECF No. 225.) Having reviewed the parties' memoranda, the Court DENIES both parties' Motions. Although the Estate meets the definition of a prevailing party, under the controlling case law the Estate constitutes the type of *formally* prevailing party who should nonetheless receive no attorney's fees. Furthermore, because the Estate prevailed, the County cannot qualify as the prevailing party for purposes of recovering costs. Lastly, the Court denies the Estate's request for costs because of its limited success at trial.

## DISCUSSION

"In any action or proceeding to enforce a provision of section[] … 1983 … [under] … title [1988], … the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. §1988(b). "Underlying this

provision is the notion that a successful civil rights plaintiff serves 'as a private attorney general, vindicating a policy that Congress considered of the highest priority.'" *Zinna v. Congrove*, 680 F.3d 1236, 1239 (10th Cir. 2012). The Estate argues that as the prevailing party in the lawsuit section 1988 entitles it to recover its attorney fees and costs. The County disputes that the Estate constitutes the prevailing party in this lawsuit, arguing instead that *it* qualifies as the prevailing party, and moves the Court accordingly to award it costs pursuant to Federal Rule of Civil Procedure 54(d)(1).

Under *Hewitt v. Helms*, a plaintiff constitutes a prevailing party for purposes of 42 U.S.C. section 1988 only if he obtains some relief on the merits of his claims. *Hewitt v. Helms*, 482 U.S. 755, 760 (1987). In *Farrar v. Hobby*, the Supreme Court explained that plaintiffs who obtain only nominal damages awards nonetheless qualify as prevailing parties because they have altered the legal relationship between the parties. *Farrar v. Hobby*, 506 U.S. 103, 115 (1992) ("[A] nominal damages award does render a plaintiff a prevailing party by allowing him to vindicate his 'absolute' right to procedural due process through enforcement of a judgment against the defendant"). As the Concurrence emphasized, "[n]ominal relief does not necessarily a nominal victory make." *Id.* at 121 (O'Connor, J., concurring).

However, "once civil rights litigation materially alters the legal relationship between the parties, the degree of the plaintiff's overall success goes to the reasonableness of a fee award." *Id.* at 114. "[B]ecause the prevailing party standard is so lenient, the plaintiff who establishes herself as a prevailing party under it may be subject to a substantial reduction in the amount of fees awarded because of limited success in the litigation." 2 JOHN E. KIRKLIN, SECTION 1983 LITIGATION: STATUTORY ATTORNEY'S FEES 45 (3rd ed. 1997). "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary

2

relief, the only reasonable fee is usually no fee at all." *Farrar,* 506 U.S. at 115. Further, a civil rights plaintiff receiving nominal damages for violation of a constitutional right constitutes a prevailing party *eligible* to receive section 1988 attorney's fees but should *not* receive any such fees if the court deems that victory merely technical or insignificant. KIRKLIN, at 50.

In her heavily-cited concurring opinion in *Farrar*, Justice O'Connor expanded on the majority's holding by further considering "the issue of the circumstances in which a nominal damages award represents more than a technical victory entitling the prevailing plaintiff to a zero or nominal fee award. Justice O'Connor recited several factors bearing on that question: (1) the 'difference between the amount recovered and the damages sought'; (2) the 'significance of the legal issue on which the plaintiff claims to have prevailed'; and (3) the 'public purpose' served by the litigation, including whether the judgment might 'deter future lawless conduct.'" KIRKLIN, at 52 (quoting *Farrar,* 506 U.S. at 578 (J. O'Connor concurring)). Analysis of these factors may support an award of no fees to a prevailing plaintiff who has won only nominal damages. (*Id*.)

Under the majority view in *Farrar*, the Estate qualifies as the prevailing party. But under that view, the Estate, nonetheless, should receive no attorney's fees: the Estate sought compensatory damages in the amount of $113,749.95, the unpaid balance due on Mr. Slavens' contract with the County, but received only $1. (*See* Pl.'s Mot. for Judgment as a Matter of Law Notwithstanding the Verdict 12, ECF No. 221.) Because the Estate failed to prove an essential element of its claim for monetary relief—namely, that the due process violation itself damaged Mr. Slavens— the *Farrar* majority's holding dictates that the Estate should not receive an award of attorney's fees.

Precedent suggests the Court should also consider the factors Justice O'Connor enumerated as bearing on attorney fee awards to a plaintiff awarded only nominal damages. KIRKLIN , at 54; *see, e.g., Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1229 (10th Cir. 2001). As to the first factor in the O'Connor analysis, the Estate sought to recover $113,749.95 but instead recovered $1. While this case does not present nearly the level of discrepancy between relief awarded and relief sought as in *Farrar* (where the plaintiff sought $17 million and recovered $1), the difference remains substantial. *See, e.g., Kjorlie v. Lundin*, 830 F. Supp. 1386, 1387-88 (D. Kan. 1993) (finding degree of success minimal where plaintiff sought $25,000 and received $1).

Considering the second factor, the Estate prevailed on the argument that the County violated Mr. Slavens' due process rights by affording him legally insufficient process. A finding of a due process violation unquestionably qualifies as a significant legal issue. Nonetheless, the first and third factors make clear the award qualifies as an insignificant victory.

As to the third factor, the Court finds the public purposes served by the litigation limited. Mr. Slavens found himself in a relatively unique situation that the County might never again have occasion to repeat, i.e. terminating its public defender contract mid-term, for cause when the contract required cause prior to a mid-term termination. The Seventh Circuit, applying this third *Farrar* factor, noted mere establishment that the government has infringed one's constitutional rights does not satisfy the third factor. *Maul v. Constan*, 23 F.3d 143, 146 (7th Cir. 1994). Instead, the court must decide "whether the allegations made and the relief sought evince a public purpose rather than merely attempt to redress a private injury." *Id*. Just as the Seventh Circuit concluded in *Maul*, this Court concludes that "this suit's primary purpose was to

remedy plaintiff's own injuries and not to establish the rights" of future contract public defenders. *Id*.

The County has likely learned from this litigation that it must afford a future person in Mr. Slavens' position the opportunity to respond in a meaningful manner to such allegations against him. However, the Court cannot say that the award of nominal damages vindicates a public purpose or that a public purpose drove the Estate to bring the case. Thus under Justice O'Connor's factors, too, the Court finds the Estate qualifies as the prevailing party, but one for which an award of attorney's fees is not reasonable.

Finally, because the Estate qualifies as the prevailing party, the Court denies the County's motion for fees. (ECF No. 225) Even where both parties "prevailed" on at least one claim because the plaintiff only succeeded on one of its claims, the Tenth Circuit has held the plaintiff and the defendant did not both qualify as "literally 'the prevailing party' for purposes of Rule 54(d)(1)." *Barber,* 254 F.3d at 1234, 1235 n. 7. Rather, the plaintiff, who received nominal damages for one of three claims, constituted the prevailing party. *Id*. Thus although the Estate only prevailed on one of its three claims tried to the jury, and received only nominal damages, the Estate is *the* prevailing party. The County thus cannot recover its costs under Rule 54. However, the Estate only prevailed on one cause of action; and on that one, only nominally. Under these circumstances, the Court has discretion to deny costs. *Id*. On this record, the Court denies the Estate's request for costs because of the mixed, nominal outcome of the case.

## CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's Motion for Judgment Including Recovery of Costs and Attorney Fees (ECF No. 223) and DENIES Defendant's

5

Motion for Costs (ECF No. 225).  Further, the Court hereby VACATES the clerk's award of taxation of costs (ECF No. 239).  Each party to bear its own costs.

DATED this 19 December 2013.

_____
Evelyn J. Furse
United States Magistrate Judge